ERNEST HEIDLER, complainant-respondent,

*v.*

WERNER & COMPANY, a corporation, defendant-appellant.

[Submitted November 10th, 1924. Decided March 16th, 1925.]

1. A corporation executed a bond and mortgage to secure the debt of one of its directors and stockholders. On foreclosure of the mortgage the corporation claimed, in reduction of the amount, that complainant had agreed, at the time of its organization, to pay for certain stock issued to another incorporator. · *Held*, that if such claim could properly be considered in defense to the mortgage, it had neither been proved nor properly pleaded.

2. A business corporation, in general, has no power to execute obligations for the payment of money, or to pledge its assets as an accommodation to its officers, stockholders or others.

On appeal from a decree advised by Vice-Chancellor Lewis, whose opinion is reported in *N. J. Adv. R. 547, and 95 N. J. Eq. 374.*

*Mr. William O. Mickel,* for the appellant.

*Mr. Joseph J. Weinberger* and *Mr. Irving L. Werksman,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a suit to foreclose a mortgage given by defendant to complainant. Complainant was the owner of one hundred and ninety-five shares out of a total authorized capital of two hundred and fifty shares in the defendant corporation. Five of the one hundred and ninety-five shares stood in the name of complainant's son, the rest in his own name. He desired to sell out, and after some negotiations with one Rose,

an outsider, it was agreed that Rose should take over the one hundred and ninety-five shares for $15,000. Rose did not have the cash. After further negotiation it was agreed that the defendant corporation should make a mortgage to complainant for $15,000, and this mortgage was to be the consideration for the transfer of the one hundred and ninety-five shares of stock. This arrangement was carried out, the stock was transferred, complainant's interest in the company ceased, and thereafter the mortgage was executed in due form. The present suit is to foreclose this mortgage.

The first defense set up in the answer was that complainant had agreed to loan the $15,000 to the defendant, but never did so. This was not even mentioned at the hearing.

The second defense was that complainant induced Rose to take over the stock by false representations as to its value. This was expressly waived at the hearing.

The third defense was that the complainant had agreed to pay for the remaining fifty-five shares treasury stock, which, in fact, were issued to one Werner, his original associate in the enterprise, and that he did not pay for them, so that the consideration for the mortgage failed to that extent. This is not borne out by the evidence. Whatever was done in this regard had to do with the original formation of the company. and not with the mortgage, as will presently appear.

The fourth defense is that, when the company was formed. complainant acquired the stock interest held by him, by putting in real estate consisting of a machine shop and contents, and a small house adjoining, at an excessive and fictitious valuation. If this is relevant to the present issue, it is not supported by the evidence. It seems to be true that complainant received more in face value of stock for the property than it had cost him in cash a short time previously, but there is little or nothing to show that it was not worth fully what the corporation paid for it, and it is undeniable that at the time of the hearing in October, 1923, it was worth at least double what had been paid for it in 1919.

The precise arrangement at the time of organization, looking to the taking over of property and issue of stock therefor,

is a little difficult of ascertainment. We have the usual reso-
lution in that regard, unanimously adopted by the directors.
This places a value of $19,500 on the property and author-
izes issue of capital stock to that amount for the same. Then
follows this unusual paragraph:

"*Further resolved,* That it having been heretofore agreed between
the vendor of the property described in said agreement and the in-
corporators of this company that the stock to be issued to the vendor
under said agreement should include the stock subscribed by the said
incorporators as evidenced by the certificate of incorporation of this
company; that payment of said subscription be deemed to be made
by the property agreed to be sold by the vendor as set forth in the
preceding resolution."

Now, Werner had subscribed for, and did actually receive,
the other fifty-five shares, and the fair meaning of this addi-
tional resolution seems to be that Heidler's property is to be
taken, not at $19,500, but at $35,000, including the Werner
stock. Werner, at the time of the hearing president of the
company, was unable to say that he had paid anything for
these fifty-five shares, which, in fact, were issued to him. If
complainant was to pay for the Werner stock, the evidence
shows that he was not to pay for it in cash but in property,
and did so by the very language of the resolution. If there
was any fraud about the issue of these fifty-five shares, it was
not that of complainant.

If we assume for present purposes, without deciding that
this corporation, which has made its bond and pledged its
property to secure a personal debt from Rose to complainant,
may assert, by way of counter-claim, an item arising in con-
nection with its organization, and wholly outside the mort-
gage, there are two answers—first, that such counter-claim
is not set up in the pleadings, and secondly, because it is not
substantiated by the evidence.

A much more serious question is not raised at all, either
by pleadings, evidence or argument. We mention it to avoid
any inference of our giving countenance, even *sub silentio,* to
the idea that a corporation may lawfully execute a bond se-
cured by mortgage on its property, to the detriment of its

creditors and stockholders, as a pure accommodation to one of its officers or stockholders, or, indeed, anyone else. This is precisely what was done in this case; the corporation made the bond and mortgage to secure the debt of Rose. The law is settled to the contrary. *14-a C. J. 552; 2 Cooke Corp. (6th ed.) § 681; 3 Cooke Corp. § 774; National Bank* v. *Young, 41 N. J. Eq. 531; Blake* v. *Domestic Co., 64 N. J. Eq.* (at *p. 500*); *Vogel* v. *Atlantic Tar Works, 3 N. J. Adv. R. 319* (at *p. 322*).

But no stockholder nor creditor is a party to this suit, and the corporation itself does not raise the point. On the case as laid before him the learned vice-chancellor properly found for the complainant in the full amount of the mortgage and interest, and the decree brought up will therefore be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.