MERCHANTS REFRIGERATING COMPANY, PLAINTIFF, v. FENCHEL REALTY COMPANY, INCORPORATED, DE-FENDANT.

Decided September 21, 1931.

For the plaintiff, *Samuel L. Hirschberg*.

For the defendant, *I. Faerber Goldenhorn*.

ACKERSON, S. C. C.  This is a motion to strike out the defendant's amended answer as sham in part and frivolous in part, and for the entry of summary judgment.

After reading the pleadings and affidavits, I have reached the conclusion that the first seventeen paragraphs of the amended answer must be stricken out as sham.

The first special defense is payment through the sale of collateral security.  This is evidently sham because there is nothing whatever in the defendant's affidavit, submitted with this motion, to support it.  The second special defense is to the effect that the defendant "had no power in law to make the contract in question, or to make or execute the notes in question, because the said act of the said corporation in doing the same was *ultra vires.*"  This defense is clearly frivolous under the cases of *Chapman* v. *Iron Clad Rheostat Co.,* 62 *N. J. L.* 497, and *Camden and Atlantic Railroad Co.* v. *Mays Landing Railroad Co.,* 48 *Id.* 530, which are authorities for the proposition that when a person contracting with a corporation has fully performed his part of the contract and cannot be restored to his former status or be honestly dealt with, otherwise than by holding the corporation to the per-

formance of its share of the bargain, the plea of *ultra vires* by the corporation is inadmissible. The complaint before me shows that the plaintiff corporation guaranteed the payment of several notes, made by the defendant corporation, which were discounted at several banks and were not paid at maturity by the defendant; whereupon the plaintiff had to pay and did pay the same, and then sold collateral security pledged by the defendant with the plaintiff leaving a deficit for which the suit is brought. Certainly it will not do, under such circumstances, to say that the defendant, after having had the benefit of its dealing with the plaintiff, was engaging in an *ultra vires* act when the plaintiff cannot be restored to its original status except upon the payment of the balance due it. In the course of the opinion in the case of *Camden and Atlantic Railroad Co.* v. *Mays Landing Railroad Co., supra,* the court said: "Apply to it what legal phrase you may the underlying principle is that the corporation cannot set up its own infirmity when it is unconscionable to do so. The law forbids the defense on account of the flagrant injustice which would otherwise be done." That is exactly the situation raised by the pleading under attack.

Counsel for the defendant, in his brief, seems to argue that Daniel Fenchel, although president of the defendant corporation, had no authority to execute the notes in question, and that the transaction was for his own personal benefit. It is a sufficient answer, however, to say that such a situation is not raised by the said second special defense which states only the defense of *ultra vires.*

The entire answer will therefore be stricken out for the reasons above stated, and although I do not have authority as a Supreme Court commissioner to order summary judgment, nevertheless this memorandum may be taken to Mr. Justice Campbell with my recommendation that summary judgment be entered in the sum of $6,708.35, together with lawful interest thereon as set forth in plaintiffs' affidavit.

An order may be presented to me striking out the entire answer as already indicated.