The receiver of the Prospect Point Land Improvement Company, insolvent, filed this bill to set aside a real estate mortgage, made by the company to the defendant on the ground that no consideration passed to the company and that it was given "as alleged security for a debt due and owing by Home Colony, Incorporated, a separate and distinct New Jersey corporation." There is an allegation that the company had "numerous and divers creditors" when the mortgage was given on April 15th, 1930. The receiver was appointed June 2d 1931. The primary theory of the receiver is that the mortgage was a voluntary conveyance and, as such, is fraudulent as a legal conclusion and void as to existing creditors whom he represents. Graham Button Co. v. Spielmann,50 N.J. Eq. 120. That was the law before the statute of frauds was modified by the Uniform Fraudulent Conveyance act of 1919, making voluntary conveyances voidable as to creditors only when they result in insolvency of the grantor. Conway v. Raphel,102 N.J. Eq. 531. The modification applies to voluntary conveyances by corporations upon the naked issue of their voidability because voluntary.
The receiver's technical point, that the Uniform Fraudulent Conveyance act does not apply to corporations because only the personal pronoun "his" is used finds its answer in section 9 of the act concerning statutes.
The receiver also advances the proposition that as the mortgage was given to secure the debt of another company it was ultravires the insolvent corporation and a fraud on creditors. As a general rule a business corporation has no power to pledge its assets for the accommodation of a third party and creditors may impeach the transaction, but the limitation upon corporate powers in this respect is not presently *Page 312 
involved and for this reason: The insolvent corporation owned a large tract of land at Lake Hopatcong, subdivided into lots, which it was developing for building sites. It owned nine hundred of the one thousand shares of the Home Colony, Incorporated, capital stock, taken in payment for the conveyances of nine hundred lots in the Lake Hopatcong tract. The Home Colony, Incorporated, owned three or more apartment houses in Newark to which the defendant supplied coal and for which he held a note of $2,200 and an open account of $1,480.36. The defendant threatened suit and to induce him to forebear, the mortgage under attack was given on twenty lots in the tract, as security. The president of the insolvent company owned personally all its capital stock; he was also president of Home Colony, Incorporated, and the personnel of the board of directors of the two companies was the same. In these circumstances, the charge that the mortgage was for the accommodation of another finds no confirmation. Rather, and in fact, it was given to protect the very substantial interest of the insolvent company in its subsidiary by saving the latter's assets from a threatened judgment and execution sale and its own securities from annihilation. In the pressing situation, the insolvent company, then a going concern, could have bought up the claim, regardless of its creditors. The mortgage, as between the parties, was an acceptable substitute and the creditors cannot be heard to complain. A corporation cannot, of course, lend its credit or pledge its property purely as an accommodation to a stranger. National Bank of Republic v. Young, 41 N.J. Eq. 531; Whitehead v. American Lamp and Brass Co., 70 N.J. Eq. 581;Heidler v. Werner Co., 97 N.J. Eq. 505. But that it may, in self-preservation, to protect its stock interest in another or a subsidiary company is well established by the authorities.Ellerman v. Chicago Junction Railway, c., Co., 49 N.J. Eq. 217; Whitehead v. American Lamp and Brass Co., supra; StateBank of Fairfax v. Pacific Elevator Co., 159 Minn. 94; ModocCounty Bank v. Ringling, 7 Fed. Rep. 2d 535; GeneralInvestment Co. v. Bethlehem Steel Corp., 248 Fed. *Page 313 Rep. 303; Second National Bank of Parkersburg v. United StatesFidelity and Guarantee Co., 266 Fed. Rep. 489.
The defendant is entitled to a decree.