BETHLEHEM STEEL COMPANY, A CORPORATON, PLAIN-
TIFF, v. UPPERCU CORPORATION, A CORPORATION,
AND INGLIS M. UPPERCU, DEFENDANTS.

Decided July 14, 1933.

For the motion, *Pitney, Hardin & Skinner.*

Opposed, *Ackerson & Van Buskirk.*

LAWRENCE, S. C. C.  This suit is based on part of a series
of promissory notes executed by defendant corporation to
plaintiff and endorsed by defendant Uppercu.  The sum
sought to be recovered admittedly remains. due and unpaid.
It appears that on or about June 27th, 1929, Mr. Uppercu
was the controlling owner not only of defendant corporation,
but of ·another called Universal Shock Eliminator, Incor-
porated.  The latter got into financial difficulties and, at his
instance, a meeting of its creditors was called, among them
the plaintiff company, at which it was proposed by him that
the property of the corporation in question should be sold,
the proceeds as to claims not exceeding $1,000 prorated and
distributed to such creditors, and the remainder of the claims
assigned to the defendant corporation and secured by its
notes, endorsed by Mr. Uppercu.  An agreement to this
effect was duly signed and carried out, with the result that
a series of notes, payable at recurring periods, for install-
ments of the unpaid indebtedness, were made by the Uppercu
Corporation and endorsed by him.  These notes appear to

have been issued by the corporation after formal ratification of the composition agreement and later in part paid. The claims, including that of plaintiff, were duly assigned to the corporation, in pursuance of the agreement. The notes not paid, so far as plaintiff is concerned, are here in suit.

The answer of defendant corporation sets up that the notes were without consideration and *ultra vires*. Motion is now made to strike this answer as sham. The supporting affidavits do not materially differ, either on the part of the plaintiff or defendant, as to the history of the transaction, but serve to clearly disclose the intimate relation of the defendants and Universal Shock Eliminator, Incorporated, and the mutual interest involved. That the answer should be striken seems apparent. The principles of law applicable are indicated in *Jesselsohn* v. *Boorstein,* 111 *N. J. Eq.* 310; 162 *Atl. Rep.* 254, and in *Merchants Refrigerating Co.* v. *Fenchel Realty Co.,* 9 *N. J. Mis. R.* 971; 156 *Atl. Rep.* 275, and cases cited. The conclusion is that the motion should be granted. A rule may be submitted accordingly.